MURTY O'DONNELL, BY NEXT FRIEND, MARY O'DONNELL, V. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

FILED JULY 22, 1902. No. 12,040.

Commissioner's opinion, Department No. 1.

1. Negligence: INSTRUCTION: NARROWING ISSUES. An instruction confining the plaintiff's recovery to the results of negligence in the specific acts alleged, and directing the jury to consider other acts at other times and places only as bearing upon the acts and injury complained of, *held*, in connection with the other instructions, not to narrow unduly the issues, nor to prevent the showing of any negligence directly connected with and tending to cause the injury.

2. Locomotive-Engineer: NEGLIGENCE. Whether or not it is negligence on the part of a locomotive-engineer to fail to stop his train, moving at not exceeding three miles an hour, on seeing

a boy of eight years jumping on and off a ladder at the side of a freight car, is a question to be determined by the jury in view of all the circumstances.

3. **Instruction: PETITION: MATERIAL ALLEGATIONS: PREPONDERANCE OF EVIDENCE: PRESUMPTION OF PREJUDICE.** To instruct the jury that all material allegations of plaintiff's petition must be established by a preponderance of the evidence is erroneous where material allegations are admitted, but prejudice will not be presumed where it is hardly possible the jury were misled.

4. **Instruction: MATERIAL ALLEGATIONS: REQUEST FOR SPECIFIC INSTRUCTION.** To instruct the jury that all material allegations must be proved, without indicating what they are, is error; but to be available to the losing party, a more specific instruction must have been requested, or there must have been in the case a distinct failure of justice.

5. **Evidence: ACTS OF WITNESS: TRAIN: CROSSING: DETAIL.** Statements of a witness merely going to show how he knows that a train stood on a crossing thirty minutes or more, which are otherwise immaterial, should generally be admitted, at least in outline, but it is not error to strike them out as unresponsive, when volunteered in detail in answering a question as to the time and circumstances of the train's standing there.

6. ———: **ABSENCE OF DISTINCT ADMISSION: TENDER: FOUNDATION: MATERIAL CONTRADICTION.** In the absence of a distinct admission of the precise statement tendered to be proved, a party who has laid the proper foundation may prove a previous statement made by a witness materially contradicting his testimony.

ERROR from the district court for Lancaster county. Tried below before FROST, J. *Reversed.*

*George A. Adams* and *Thomas J. Doyle,* for plaintiff in error.

*W. F. Evans, Lorenzo W. Billingsley* and *Robert J. Greene, contra.*

HASTINGS, C.

Plaintiff in this case, a lad of eight years old, says in his petition that the defendant company negligently left its train standing across Vine street for a half hour or more; that plaintiff was coming from school, and in attempting to cross without fault was thrown under the

wheels of the train and injured, through the negligence of
defendant and its employees, and by reason of his injury
suffered two amputations of "his leg," and is permanently
injured, "by and through the negligence of defendant."
The defendant admitted its incorporation, admitted an in-
jury to plaintiff, denied negligence, alleged injury was by
plaintiff's negligence, and caused by plaintiff's negligently
jumping upon and from a moving freight train, and denied
generally the other allegations. Verdict was given for de-
fendant, and plaintiff brings error.

The strongest complaint is of instruction No. 10, given
by the court upon its own motion: "Evidence has been in-
troduced bearing upon the time that the defendant's train
was allowed to stand upon the crossing at Vine street.
Even though you find from the evidence that the train was
allowed to remain longer than the ten minutes permitted
by the ordinances of the city of Lincoln, the violation of
such ordinance would not constitute a cause of action
against the defendant. The fact of such delay, if any, was
permitted to be shown only as bearing upon the question
as to whether or not such delay might have been the moving
or exciting cause, leading the child to act as he did; in
other words, as evidence in the case, bearing only on the
question of negligence. Evidence has also been introduced
touching the manner in which defendant's servants han-
dled the train, which caused the injury, at other places, and
prior to the time when the injury occurred. There has also
been testimony tending to show other acts or omissions of
the defendant prior to the time of said injury. You
are instructed that these should be considered by
you only as bearing upon defendant's negligence or
in determining whether the defendant's negligence was
the proximate cause of the injury, and not as con-
stituting additional acts of negligence, for the plain-
tiff can only recover upon showing by a preponderance of
the evidence the particular acts of negligence complained
of, on the part of the defendant, that the plaintiff has al-
leged in his petition." It is objected first, and chiefly, that

this had the effect of withdrawing from the consideration of the jury all claim of negligence on the part of the defendant in continuing to back its train after discovery that the plaintiff was hanging on the side of a freight car, and of confining the attention of the jury to the specific negligence alleged in the petition. It is complained of because of its telling the jury that the mere permitting of the train to obstruct the Vine street crossing for more than ten minutes would not constitute a cause of action, and that such fact was only shown as bearing on the question of negligence. The statement of the purpose for which the delay alleged was permitted to be shown seems accurate in substance, and it also seems that a fair consideration of the meaning of the second part of the instruction does not bear out plaintiff's contention with regard to it. The instruction must be taken as a whole, and also in connection with instructions 8 and 9. These expressly submitted to the jury the question of liability of the defendant for not acting promptly on discovery of the child's peril. No jury, under such circumstances, would infer that the question of discovered peril was withdrawn from their consideration.

It is claimed on plaintiff's behalf that when the engineer says he saw the child jumping on and off, his situation was one of such imminent peril that the failure to stop the train and remove the lad from the vicinity of the track was of itself negligence for which the jury should have been instructed to return a verdict for the plaintiff. The evidence on this subject does not seem to warrant such an instruction. None such was asked by plaintiff. There was no conclusive presumption of negligence on the engineer's part, merely because he saw a boy of eight years jumping on the stirrup and ladder of a freight car going not more than three miles an hour, and jumping off again, and failed to stop to remove him. Whether such failure to act on the engineer's part was negligence was for the jury to say. The acts complained of in this petition are the leaving of the train upon the crossing, and violently and forcibly throwing the plaintiff from the train, and passing of its

wheels over plaintiff's leg, through "negligence of the defendant and its employees." Whatever negligence was connected with these acts and caused the injury through them, was provable, and to be considered. The effect of this instruction 10 is to tell the jury that plaintiff can recover only for negligence in connection with his throwing down and crushing by the wheels; that whatever happened at any other time or place would not alone entitle plaintiff to recover, and was shown to enable the jury to pass on the question of negligence at the time of the accident. The evidence does not disclose any more than the petition alleges, —that the boy was hurt as a consequence of his being on the ladder. It seems clear that in some way he came in between the cars, and was hurt there. The court was right in giving an instruction which would prevent the jury from finding a right of recovery in any mere failure to stop at some distance down the track, where the engineer says that he was jumping on and off, and take the boy from the ladder. The court was right in saying that this was only to be considered in connection with the accident which finally happened.

Complaint is made of the refusal to give instruction 5 asked by plaintiff, to the effect that if the plaintiff was a trespasser, and was discovered on the train in a perilous condition, and the engineer, after discovering it, could by the exercise of ordinary care have stopped the engine and averted injury, then the trespass of the plaintiff would not prevent a recovery. Instruction 9, as given by the court, told the jury that a child jumping on and off a train would be a trespasser, and this fact, if they found it, should be considered, and would constitute contributory negligence on his part, if they found he was of sufficient age and discretion to be guilty of negligence. It is also stated that if defendant should discover the child in imminent danger, and failed to exercise reasonable care, where such care would have prevented the injury, the child's action would be no defense. The court's instruction submitted the question fully. Counsel seem to recognize this in claiming

that the verdict is contrary to the fifth and eighth instructions given by the court as to the duty of the defendant to avert discovered peril from a trespasser.

It is urged that the court erred in telling the jury that plaintiff must establish "every material allegation" of his petition by a preponderance of the evidence. This, of course, overlooks the admissions in the answer, and it also leaves the jury in the dark as to what are the material allegations of the petition. In *Dunbier v. Day*, 12 Nebr., 596, 608, it is said that a party has the right to have the jury told that the material facts are admitted when this is the case. Surely, it is still more essential that the jury should not be told that plaintiff must prove material facts which are admitted. In the case cited the admission was that plaintiff was a guest at defendant's hotel. In this it is that defendant is an incorporated railway company, and that plaintiff was injured on its line. To say that all the material allegations of the petition must be proved was clearly error. It does not seem probable, however, in view of the evidence produced by defendant, that any prejudice resulted from this failure to indicate that important allegations were admitted. Perhaps more harm might be inferred from leaving the jury to determine what were the material allegations of the petition; but no request was made for a more definite statement, and the defect must be deemed waived.

Complaint of the refusal of instruction 1, in regard to a child's contributory negligence, asked by plaintiff, is not well taken. Instruction 7, given by the court on its own motion, states fully and fairly the degree of care to be required of a child.

Complaint is made of the refusal of the fourth instruction asked by plaintiff, as follows: "Although the plaintiff may be guilty of negligence by placing himself in a dangerous position, yet if the defendant after knowing that the plaintiff is in a dangerous position does not use reasonable care to prevent injury; and injury does result to the plaintiff, then the defendant is liable; so, in this case if you find

that the plaintiff, Murty D. O'Donnell, was negligent in jumping on the car, if you find he did so jump on the car, and you further find that the defendant's employee in charge of the engine and train of cars saw him in that dangerous position and could have stopped the train and prevent[ed] the injury by the exercise of reasonable care, but did not do so, then you are entitled to consider such facts in determining the question of the defendant's liability." This instruction seems to be faulty in assuming that the position in which the plaintiff was seen by the engineer was of such danger as to require the latter to immediately stop the train if he could; this would have been attempting to instruct the jury as to what was reasonable care under the circumstances. No doubt this may be done where the circumstances are such as to conclusively point out what was reasonable care in view of them. It does not seem, however, that the evidence in this case discloses any such imminent danger from the point of view of the engineer as to indicate unmistakably what his action should have been. The trial court was right in refusing to indicate to the jury that it was the engineer's absolute duty, in view of these circumstances, to stop the train as soon as possible.

Complaint is made as to the rejection of certain testimony of the witness Barnes as to how he knew that the train was standing across the street for about 30 minutes. He had testified to the fact, and in answer to a question as to how the injury occurred, and how long the train stood across the street, related certain circumstances by which he knew the time. This portion of the answer was stricken out as not responsive and immaterial. The matters stricken out were not directly in issue. They were not responsive to the question. They were admissible, if at all, to show why the witness could say the train stood 30 minutes on the crossing. It is by no means clear that there was even an abuse of discretion in striking out his unasked statement as to what he was doing while the train stood on the crossing. Mr. Gillett thinks the rule should be that such evidence should always be admitted to

strengthen a mere negative statement, not, generally, to help an affirmative one. Gillett, Indirect & Collateral Evidence, sec. 88.

A more serious question is raised as to the rejection of certain impeaching testimony. A lad named John Oddie had sworn that at the time of the accident plaintiff was on the west side of the train, jumping on and off, and was not on the east side, seeking to cross to the west, as was alleged in the petition and had been testified to by plaintiff himself. This lad was asked if he had any conversation with plaintiff's brother in January, 1899, at the St. Francis school, at Eighteenth and J streets, in which plaintiff's brother had asked Oddie if plaintiff was coming across the bumpers to the west side when he got hurt, and Oddie replied, "Yes." Oddie's answer to this question was: "I don't remember of it." Evidence was tendered to prove the conversation. It was objected to as not rebuttal, hearsay, incompetent, immaterial, irrelevant and no proper and sufficient foundation laid, the witness not having been asked such a question, and that the offer of the testimony was not made in conformity to law. This objection was sustained, and the evidence excluded. We have been unable to ascertain upon what principle this was done. It is claimed in the brief of the defendant in error that because the witness Oddie, in answer to the inquiry whether such a conversation occurred, had said he did not remember, it was not competent to prove it. We are cited in the brief to the cases of *Meyer v. Stone,* 21 Nebr., 717, and *Railsback v. Patton,* 34 Nebr., 490. These cases do not support the proposition. In each the testimony was by a party to, the action, and what he said was independent evidence in the nature of an admission, and in each case the simple question was whether or not a denial had been made of this substantive evidence. This court says in each case that an answer of no recollection is not a denial. But in both these cases it was substantive, and not impeaching evidence, whose effect was under consideration. The rule in reference to impeaching testimony, we had supposed,

was, as is clearly stated in Stephen's Digest, article 131: "The witness may be asked whether he had made any former statements relative to the subject-matter of the action inconsistent with his present testimony, the circumstances of the supposed statement being explained sufficiently to designate the particular occasion, and if he does not distinctly admit that he had made such a statement, proof may be given that he had in fact made it." The rule is quoted with entire approval in 3 Jones, Evidence, section 848, and many cases cited. See 1 Greenleaf, Evidence [Wigmore's ed.], p. 461. Mr. Wigmore, in his additions to Greenleaf's text, thinks the statement may be proved even when the witness expressly admits it. Plaintiff's alleged ground of recovery was the negligent injuring of him by defendant, when he was in the act of going through the train. Defendant was seeking to show that he did not go through the train, but was in some manner hurt in stealing a ride on the ladder of a freight car while it was moving very slowly. The statement was material. It was very different from that of the witness on the stand. The time, place and persons involved were stated with reasonable certainty. It should have been permitted to be shown.

For error in rejecting this impeaching evidence it is recommended that the judgment of the district court be reversed and the cause remanded for further proceedings.

DAY and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.