JOHN BOESEN, APPELLEE, V. OMAHA STREET RAILWAY COMPANY, APPELLANT.

FILED FEBRUARY 6, 1909. No. 15,922.

1. **Trial: INSTRUCTIONS: EVIDENCE.** In this an action for personal injuries alleged to have been occasioned by the derailment of a street car, whereby the plaintiff was thrown from the car and thereby injured, the defendant pleads contributory negligence, in that the plaintiff was negligently standing upon the running board of the car at the time of the accident, and his injuries resulted from such negligence. *Held,* That it was not error to refuse an instruction that if the jury believe from the evidence that the plaintiff was not thrown from the car, but that he attempted to get off the car when it was in motion, and fell into the street, their verdict should be for the defendant, since such an instruction is neither within the issues made by the pleadings nor the evidence in the case.

2. ———: ———: CONSTRUCTION. Instructions should be considered together. Separate clauses or parts of a sentence should not be separated from the context in order to arrive at the true meaning of the language, but all that is said upon the particular subject is to be taken.

3. **Appeal: EVIDENCE: HARMLESS ERROR.** A witness testified that the plaintiff "was thrown from the car," but he testified later that

he did.not see the plaintiff until he was lying on the ground. A
motion to strike his answer as being merely a conclusion of the
witness was overruled, and exception taken. *Held,* That, while
the answer should have been stricken, the error was not preju-
dicial, since the jury could not have been misled by the testi-
mony.

APPEAL from the district court for Douglas county:
ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*John L. Webster* and *W. J. Connell,* for appellant.

*T. W. Blackburn* and *R. S. Horton, contra.*

LETTON, J.

This is the fourth appearance of this case in this court.
See 68 Neb. 437; 74 Neb. 769; 79 Neb. 381. The facts
are fully set forth in the former opinions. On account of
the nature of some of the errors assigned, it becomes nec-
essary to notice particularly the issues as now presented
by the pleadings. The petition, in substance, alleges that
the defendant is a common carrier of passengers operat-
ing a street railway in the city of Omaha; that, while the
plaintiff was a passenger, the car upon which he was
riding, through the negligence of the defendant, suddenly
left the track and threw the plaintiff violently to the
pavement, and that he was permanently injured by the
accident. The answer denies that the car left the track
and threw plaintiff to the pavement, avers that the car
and track were in good order and condition, and were
so long before, at the time of, and after the accident. It
also avers that the accident was caused from extraneous
causes over which the defendant had no control. It also
alleges that the defendant was guilty of contributory
negligence in riding upon the running board of the car,
denies that the plaintiff has been injured permanently or
to any extent, and further contains a general denial. The
reply denies the new matter in the answer. The case
was tried to a jury, and a judgment rendered for the
plaintiff, from which defendant appeals.

1. The first complaint made is that the court should have given an instruction requested by the defendant to the effect that if the jury believed from the evidence that the plaintiff was not thrown from the car, but that he attempted to get off the car when it was in motion, and fell into the street, their verdict should be for the defendant, and it is argued in support of this assignment that the theory and contention of the railway company on this trial are the same as they were at the time this case was before the court for the first time. The defendant is in error upon this point. The issues, as will be observed, are the same as when the case was presented here the last time. After reading the evidence, we adopt and fully agree with the statement made in the opinion by Mr. Commissioner Duffie on that occasion that "we have searched the record in vain for any evidence tending to show that the plaintiff of his own volition got off the car while it was in motion." There was no error in refusing this instruction.

2. The seventh instruction given by the court is said to be erroneous. By the fifth instruction the jury were instructed that a street railway is not an insurer of the personal safety of its passengers, nor is it bound to do everything which possibly might be done to insure their safety. It is bound to exercise the utmost skill, diligence and foresight consistent with the practical conduct of its business, and a failure on its part to exercise such skill, diligence and foresight would be negligence. By the seventh instruction the jury were told, in substance, that the defendant had alleged in its answer the good order and condition of its car and track, and that the accident occurred presumably from extraneous causes which could not be guarded against by the exercise of the greatest care, skill and diligence of the defendant, and the jury were told that if they found "that the derailment of the car on which the plaintiff was riding (should you find that the same was derailed) was one of those unforseen accidents that could not have been guarded against or prevented by the exercise of the highest degree of care,

diligence and foresight on the part of the defendant, consistent with the practical conduct of its business, and that said defendant was not guilty of the slightest negligence which contributed to the said accident, then the defendant would not be liable to the plaintiff for injuries sustained by him, and your verdict should be for the defendant." The defendant calls special attention to the following clause in the seventh instruction: "And that said defendant was not guilty of the slightest negligence" —and contends that this language was highly prejudicial as imposing an undue burden upon the defendant, and that the extent of its duty is to exercise the highest degree of care, diligence and foresight consistent with the practical conduct of its business, and no more.

Instructions should be considered together. Separate clauses or parts of a sentence should not be disconnected from the context, if it is desired to obtain the true meaning of the language. Taking the two instructions referred to together, while the language of the latter may not be entirely proper, we think it impossible that the jury could have been misled with regard to the extent of the duty imposed by law upon the defendant with regard to the care of its passengers, and, when considered in connection with the evidence in this case, we cannot see how this language, even if objectionable in nature, in anywise prejudices the defendant.

3. The eighth instruction is also complained of. This instruction is quite lengthy. It states the defendant's plea of contributory negligence, in that at the time of the accident the plaintiff was standing upon the running board of the car. It defines contributory negligence, and instructs the jury that the burden of proof is upon the defendant to establish this defense. It further instructs them that, if he was standing upon the running board at the direction of the conductor of the car, this "would not constitute negligence on his part, but the negligence, if any, in so standing where he was directed, would be the negligence of the

defendant company." It is the quoted portion which is specifically claimed to be erroneous. We fail to see wherein this instruction is prejudicial to the defendant. While the clause complained of, "but the negligence, if any, in so standing where he was directed, would be the negligence of the defendant company," we think adds nothing beneficial to the plaintiff or prejudicial to the defendant, this statement was made in the opinion of Mr. Commissioner DUFFIE in this case, and we cannot see but that it is a correct proposition of law. If the conductor in charge of the car directed the plaintiff to stand upon the running board, and as a consequence thereof he was injured, we think it ordinarily would be the negligence of the company, since within reasonable limits the conductor has the right to designate upon what part of the car a passenger may ride, and if it is a place which is known to be not necessarily dangerous, and which is used by passengers as a matter of custom and usage well known to the company, the negligence, if any, is not that of the passenger, but of the carrier, since it ought to be better advised as to the safety of any portion of its vehicles than an ordinary passenger.

4. The defendant complains of the refusal of certain instructions requested by it. We have examined these instructions and think that, in so far as they are material or proper, the substance of them had already been given, either by the court upon its own motion or in the instructions requested by the defendant and given.

5. Error is assigned with reference to certain rulings upon the admission of a portion of the testimony of the witness Jodeit. In that portion of the testimony objected to, Jodeit stated, in substance, that he saw the plaintiff at Twenty-fourth and O streets; that "he was thrown off the car"; that Jodeit was in the car; that "the car went straight south on Twenty-fourth street, and the motor went over, and the trailer took the Y, and from the circumstances from what I know threw him out." The defendant objected to some of the questions which

Boesen v. Omaha Street R. Co.

elicited this evidence, and also moved to strike out the answers and conclusions of the witness, for the reason that they were shown to be merely a conclusion, and argued that it clearly appeared from the record that the first time the witness saw Boesen was when he was lying in the street back of the car. The objections and motion were overruled. We are inclined to think the answers complained of should have been stricken out, but we fail to see wherein any error prejudicial to the defendant was committed. The witness stated that he did not see Boesen until he was lying on the street, and it must have been clearly apparent to any juryman of ordinary intelligence that, when the witness said Boesen was thrown from the car, he was merely testifying to his idea as to how the accident happened. We must presume that the jurors were men of ordinary common sense, and it is also an entirely safe presumption that the learned and diligent counsel for the defendant did not fail to dissect this testimony and clearly eliminate from the minds of the jury any erroneous notions as to its effect. The general credibility of Jodeit is also strongly assailed, but this is a matter entirely for the jury, and, whatever may be our own opinion as to its credibility, we have no right to interfere with their verdict upon that ground alone.

6. It is also contended that the verdict is not sustained by the evidence, but with this contention we cannot agree. It is true that a number of conductors and motormen testify that they had been over this track repeatedly on the day that the accident happened, and that the car and the track and switch were in proper condition. The conductor and motorman on the car upon which Boesen was riding also denied that the trailer left the track. It appears, however, that the witness Tobin, who was a passenger and who was called by the defendant, testified on cross-examination that the car stopped because it was off the track. It was also shown that Motorman Lear, who was in charge of the car the morning that the accident occurred and who at this trial denied that the trailer

left the track at the switch, testified on cross-examination
at the former trial, as follows: "Q. Did you notice that
switch that morning as you went over it?   A. No, sir;
not any more than I would any other morning.   Q. Did
you notice it any other time that day more than you did
that morning?   A. I looked to see if there was anything
wrong with it."   He then denied that the following ques-
tion had been put to him, and denied the answer:   "Q.
Why?   A. The trailer left the tracks there."   But it was
proved by the official stenographer who took the testi-
mony of Mr. Lear at the first trial that he did in fact
testify as above.   In addition to this testimony given by
the defendant's witnesses, the evidence of the plaintiff and
the witness Oeldeman to the same effect amply sustain
the findings of the jury with reference to the trailer leav-
ing the track at the switch.   In such cases it is to be
expected that the evidence will be conflicting; otherwise,
in all probability, there would be no contention between
the parties.

In the whole record we find no prejudicial error.   The
judgment of the district court is therefore

AFFIRMED.

FAWCETT, J.   I am unwilling to hold that the giving of
instruction No. 7 was not reversible error.

BARNES, J.   I am unable to approve of instruction No. 7,
but otherwise concur in the opinion of the majority of the
court.