ANNA M. WRIGHT, APPELLEE, V. LINCOLN CITY LINES, INC.,
ET AL., APPELLANTS.

71 N. W. 2d 182

Filed July 1, 1955. No. 33776.

*Doyle & VerMaas* and *Cline, Williams, Wright & Johnson,* for appellants.

*Chambers, Holland & Groth,* for appellee.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ., and FLORY, District Judge.

CARTER, J.

Plaintiff brought this action against Lincoln City Lines, Inc., La Verne O. Gieber, and LeRoy S. Miller to recover damages for injuries sustained by plaintiff while riding on a bus owned by the Lincoln City Lines, Inc., and operated by Gieber. The plaintiff dismissed the action against Miller with prejudice prior to the commencement of the trial. The jury returned a verdict for $15,000 against the two remaining defendants. The defendants Lincoln City Lines, Inc., and La Verne O. Gieber appeal.

The evidence shows that plaintiff boarded the bus at Thirteenth and N Streets in Lincoln on November 3, 1953, at approximately 7:30 a. m. Before plaintiff obtained a seat in the bus it moved forward and collided with an automobile owned and operated by LeRoy S. Miller, causing plaintiff to be thrown against objects in the bus and causing the injuries of which complaint is made. The nature of the assignments of error do not make a more detailed account of the accident necessary.

The petition was filed on November 20, 1953. It set forth various acts of negligence on the part of Gieber, the operator of the bus. It also alleged that Miller was guilty of negligence in the operation of his automobile. On February 11, 1954, the Lincoln City Lines and Gieber filed a joint answer in which they denied any negligence on their part and admitted the specified acts of negligence on the part of Miller. It appears that in paragraph 5 of the original answer the plaintiff was charged with specific acts alleged to constitute contributory negligence. Some time after the filing of the answer paragraph 5 was amended by leave of court. The amendment alleged that the action was originally instituted against the answering defendants and LeRoy S. Miller; that the action as to Miller was dismissed with prejudice on December 7, 1953; and that Miller settled the claim of the plaintiff against him and thereby released the answering defendants from liability. The answer

further asserts that the negligent acts of Miller specified in the petition were the proximate cause of the accident and the injuries to plaintiff resulting therefrom. The reply of plaintiff was a general denial.

The instruction of the court, briefly stated, charged the jury as follows: By instruction No. 1 the charges of negligence on the part of Lincoln City Lines and Gieber were specifically set forth, together with the description of the injuries suffered by the plaintiff and the damages resulting therefrom. The allegations of negligence on the part of Miller, as alleged in the petition, were not submitted to the jury. By instruction No. 2 the trial court instructed the jury that the answering defendants alleged that Miller was guilty of negligence in certain specified respects and that such negligence was the sole proximate cause of the accident and the resulting damages. The instruction did not inform the jury that such acts of negligence were alleged in plaintiff's petition and that the answering defendants admitted in their answer the negligence of Miller as charged in the petition.

The answering defendants tendered an instruction to the effect that plaintiff alleged acts of negligence by Miller and that defendants admitted such acts of negligence on the part of Miller in their answer, and that the jury should consider such acts of negligence as admitted by plaintiff and the answering defendants during their deliberations. This instruction was refused and no similar instruction was given which covered the subject matter of the tendered instruction. The defendants contend that this was prejudicial error.

The purpose of pleadings in a case is to frame the issues upon which the case is to be tried. It is the duty of the trial court, without request, to submit to and properly instruct the jury upon all the material issues presented by the pleadings and the evidence. Pongruber v. Patrick, 157 Neb. 799, 61 N. W. 2d 578. A litigant is entitled to have the jury instructed as to his theory of the

case as shown by the pleadings and evidence, and a failure to do so is prejudicial error. Harsche v. Czyz, 157 Neb. 699, 61 N. W. 2d 265.

In the case at bar plaintiff alleged that Miller, the driver of the automobile involved in the collision, was guilty of specified acts of negligence. The answer admits the negligence of Miller. This is a judicial admission of which advantage can be taken by adverse parties and constitutes a limitation of the issues. Rodgers v. Jorgensen, 159 Neb. 485, 67 N. W. 2d 770; Barkalow Bros. Co. v. English, 159 Neb. 407, 67 N. W. 2d 336. It follows that a party may at any and all times invoke the language of his opponent's pleading on an admitted issue as rendering the admitted facts indisputable and, in so doing, he is neither required nor allowed to offer the pleading in evidence in the ordinary manner, nor forbidden to comment thereon in argument without having made a formal offer. When such facts, admitted by the pleadings, are material to the issues to be decided by the jury, the trial court is required to instruct the jury with reference thereto. In the case here presented, the defendants admitted the negligence of Miller as the plaintiff had alleged it. It was a part of the defendants' theory of the case. They were not required to make further proof thereof. Defendants specifically requested an instruction informing the jury of the undisputed facts resulting from the admission. Defendants were entitled to have the jury so instructed and it was prejudicial error for the trial court to refuse to do so.

The theory of defendants' case was that Miller was guilty of negligence as alleged by the plaintiff and admitted by the defendants, and that Miller's negligence was the sole proximate cause of the accident. The claim of the plaintiff necessarily was based on the legal principle that where the independent tortious acts of two or more persons combine to produce an injury indivisible in its nature, either tortfeasor may be liable for the entire damage on the theory that his own act of negligence is

deemed in law to have been the cause of the injury. Stark v. Turner, 154 Neb. 268, 47 N. W. 2d· 569. The defendants in defending against the invocation of such rule by the plaintiff were entitled to the benefit of any allegations contained in the plaintiff's petition. The effect of the court's instructions was to treat the allegations of negligence on the part of Miller as denied when they were in fact admitted. In a case where a similar situation arose this court said: "This, of course, overlooks the admissions in the answer, and it also leaves the jury in the dark as to what are the material allegations of the petition. In Dunbier v. Day, 12 Neb. 596, 608, it is said that a party has the right to have the jury told that the material facts are admitted when this is the case. Surely, it is still more essential that the jury should not be told that plaintiff must prove material facts which are admitted." O'Donnell v. Chicago, R. I. & P. Ry. Co., 65 Neb. 612, 91 N. W. 566.

The plaintiff contends that there was no error in refusing defendant's tendered instruction No. 2 for the reason that plaintiff's right to recover was not affected by any negligence on the part of Miller since the sole question was whether defendants were guilty of negligence which was a proximate cause of the accident. This contention overlooks the fact that defendants pleaded that the negligence of Miller was the sole proximate cause of the accident. The admission established the negligence of Miller without any additional evidence. While defendants were required to prove that the negligence of Miller was the sole proximate cause of the accident to establish their defense, they were entitled to rely upon the admission as establishing the negligence of Miller and to have the jury so instructed, it being a matter essential to their defense.

The plaintiff relies upon the rule that the instructions should be considered as a whole in determining if error exists. The rule is correct, but there is no place in the court's instructions where the jury was told that Miller's

negligence was an admitted fact. Defendants were entitled to invoke plaintiff's pleading on this point. They attempted to do so by tendering defendants' requested instruction No. 2. A consideration of the instructions as a whole does not reveal that the erroneous refusal to give defendants' requested instruction No. 2 was otherwise cured. The error is prejudicial to the rights of the defendants and requires a reversal.

The judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.