ANNA M. WRIGHT, APPELLEE, v. LINCOLN CITY LINES, INC., ET AL., APPELLANTS.

81 N. W. 2d 170

Filed February 8, 1957. No. 34029.

*Doyle, Morrison & Doyle,* for appellants.

*Chambers, Holland, Groth, Dudgeon & Hastings,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is the second appeal involving this action, the first being Wright v. Lincoln City Lines, Inc., 160 Neb. 714, 71 N. W. 2d 182. It is a tort action by which appellee, Anna M. Wright, plaintiff below, seeks to recover damages because of alleged injuries which she claims to have received in a bus-car accident. A jury, on October 13, 1955, returned a verdict for the appellants, Lincoln City Lines, Inc., and La Verne O. Gieber, defendants below. On her motion therefor being sustained the trial court, without giving any reason for doing so, set aside this verdict, together with the judgment that had been entered thereon, and granted appellee a new trial. Appellants have appealed to this court from that ruling.

The ruling of the trial court on appellee's motion for a new trial is subject to review by this court. Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772.

When a trial court, as here, gives no reason for its ruling granting a new trial then, on appeal, the duty rests upon the appellee to point out the prejudicial error or errors which she contends exist in the record and which she contends justify the ruling made. Greenberg v. Fireman's Fund Ins. Co., *supra.*

Appellee has endeavored to meet the foregoing. However, before discussing the errors she has assigned as

justifying the trial court's ruling we will set forth a few basic principles applicable thereto.

"The purpose of a new trial is to enable the court to correct errors that have occurred in the conduct of the trial." Greenberg v. Fireman's Fund Ins. Co., *supra.* See, also, Pongruber v. Patrick, 157 Neb. 799, 61 N. W. 2d 578.

"Where a party has sustained the burden and expense of a trial and has succeeded in securing the judgment of a jury on the facts in issue, he has the right to keep the benefit of that verdict unless there is prejudicial error in the proceedings by which it was secured." Greenberg v. Fireman's Fund Ins. Co., *supra.* See, also, In re Estate of Kinsey, 152 Neb. 95, 40 N. W. 2d 526.

"The alleged errors that may be considered in the district court are those which appear in the record of the proceedings which resulted in the verdict and judgment about which complaint is made and which are called to the attention of the trial court by the motion or appropriate pleading." Greenberg v. Fireman's Fund Ins. Co., *supra.*

"Errors sufficient to cause the granting of a new trial must be errors prejudicial to the rights of the unsuccessful party." Greenberg v. Fireman's Fund Ins. Co., *supra.*

"While the trial judge need not give his reason for reaching a decision, the justification of the decision must be one that can be established from the record." Greenberg v. Fireman's Fund Ins. Co., *supra.*

"That rule does not authorize the district court to invade the province of the jury and to set aside the verdict and grant a new trial because the court arrived at a different conclusion than the jury on the evidence that went to the jury." Greenberg v. Fireman's Fund Ins. Co., *supra.* See, also, In re Estate of Kinsey, *supra.*

Appellee contends the verdict of the jury is so manifestly wrong that a review of the record should induce the belief on the part of this court that it must have

been reached through passion, prejudice, mistake, or some means not apparent in the record.

As stated in Olson v. Shellington, 162 Neb. 325, 75 N. W. 2d 709: "The inherent power of the court to grant a new trial is limited to those situations where prejudicial error appears in the record of the proceedings." We, of course, will not set aside a verdict unless it is clearly wrong for if the evidence is such in a tort action that different minds may reasonably draw different conclusions therefrom with reference to whether or not negligence exists sufficient to create liability, then such issue is for a jury to decide.

The accident involved happened about 7:30 a.m. on Tuesday, November 3, 1953, just after appellee had entered a bus of the appellant Lincoln City Lines, Inc., as a fare-paying passenger. Appellant La Verne O. Gieber, the driver of the bus, was at the time an employee of the appellant Lincoln City Lines, Inc., and engaged in the performance of his duties as such. Appellee entered the bus where it had stopped to receive passengers at the curb on the south side of N Street just immediately west of the intersection of Thirteenth and N Streets in the city of Lincoln. While she was still standing in the bus, near the front end thereof, talking to the driver about how to get her to her destination he started it forward. After the front end of the bus had reached a point about one-third of the distance into the intersection the left front thereof was hit by the rear part of the right rear fender of a 1937 V-8 2-door Ford sedan being driven by one Le Roy S. Miller, the owner thereof. The appellee was thrown against the meter machine for fares, which was located in the front end of the bus. As a result of being thrown against this machine she claims to have been severely injured and seeks to recover damages therefor.

Miller was originally made a party to this action, which was filed on November 20, 1953. Thereafter, on December 7, 1953, appellee dismissed the action as to

him with prejudice. Miller was, just before the accident, driving east on N Street. Admittedly he turned south at the intersection thereof with Thirteenth Street, intending to go south on Thirteenth Street. In doing so his car struck the bus. In her original petition appellee alleged Miller was guilty of negligence, proximately causing her injuries, in the following respects:

"(a) He failed and neglected to keep a proper lookout for other traffic about to enter said intersection and particularly the bus of the Lincoln City Lines, Inc.

"(b) He failed and neglected to determine that a right hand turn could be made in safety.

"(c) He failed and neglected to have his said automobile under reasonable control."

In our opinion on the first appeal of this case, reported as Wright v. Lincoln City Lines, Inc., *supra,* we held, because of these allegations being admitted as true in appellants' answer, they were judicial admissions of which appellants could take advantage and thus limit the issues on the next trial. See, also, Barkalow Bros. Co. v. English, 159 Neb. 407, 67 N. W. 2d 336, as to what are judicial admissions and the legal effect thereof. This the trial court did by its instruction No. 6. Therein it advised the jury: "The defendants have admitted said allegations (hereinbefore set forth) as true in their answer so in your deliberations you will consider said allegations as established and true."

In that same answer the appellants alleged that the foregoing acts of negligence on the part of Miller "were *the* proximate cause of the accident and the resulting injuries, if any, to the plaintiff." (Emphasis ours.) Appellant Gieber, upon whose conduct the liability, if any, of both appellants rests, testified that the traffic light at Thirteenth and N Streets was green for traffic to proceed east on N Street when he started the bus and slowly pulled away from the curb; that before he did so he looked in his rear-view mirror and saw no traffic coming from the west on N Street; that as he started

he pulled away from the curb and out into the south lane of the two lanes for eastbound traffic on N Street he gave a signal with his left hand of his intention to do so; that the bus had reached a point where it was some 3 or 4 feet from the north line of this lane and some 25 or 30 feet from where it started and was going about 3 or 4 miles an hour when he saw a car that was coming from the west on N Street suddenly turn south in front of the bus he was driving; that he applied his brakes; that the bus was stopped when the rear part of the right rear fender of that car (Miller's) hit the left end of the bumper fastened to the front of the bus, causing part of the bumper to break off; that the bus was then about one-third of the way into the intersection; and that the car driven by Miller had turned south from the inner or farthest north lane of the two lanes for eastbound traffic on N Street. If the jurors believed this testimony of appellant Gieber, which they had a right to do, certainly they could find he was without fault and that Miller's conduct was the sole proximate cause of the accident that resulted in appellee's alleged injuries. Under this situation we cannot say the jury was clearly wrong, in fact, we think the evidence adduced fully supports the verdict rendered.

We come then to appellee's second contention as to why the trial court was justified in granting her a new trial. She contends instruction No. 5, given by the trial court upon its own motion, was prejudicially erroneous because it injected into the case the issue of unavoidable accident, which was neither pleaded nor proved by the evidence.

"The charge of the trial court to the jury should be confined to the issues presented by the pleadings and supported by evidence." Perrine v. Hokser, 158 Neb. 190, 62 N. W. 2d 677.

An "unavoidable accident" means when an unexpected catastrophe occurs without any of the parties thereto being to blame for it. See, McClarren v. Buck,

343 Mich. 300, 72 N. W. 2d 31; Hicks v. Brown, 136 Tex. 399, 151 S. W. 2d 790.

In McClarren v. Buck, *supra,* the court held: "Under the facts in this case 1 or both of the drivers of the colliding cars were guilty of negligence. Under such circumstances it was error to give the quoted instruction (the issue of unavoidable accident) to the jury."

And in Hicks v. Brown, *supra,* the court held: "* * * if the evidence does not raise the issue that something other than the negligence of one of the parties caused the injuries, then it does not raise the issue of unavoidable acident."

Here Miller, the driver of the car, was admittedly guilty of negligence. Under such a situation it would have been error for the trial court to have submitted the issue of an "unavoidable accident." But, of course, every error is not necessarily prejudicial. See In re Estate of Kinsey, *supra.* As stated therein: "Where an instruction, although erroneous, is not prejudicially so and cannot by any course of logical reasoning be deemed to have resulted in disadvantage to the complaining party, it is not legal cause or reason for granting a new trial."

But let us examine instruction No. 5 given by the trial court to see if it submits the issue of "unavoidable accident" as appellee contends. It is as follows: "The fact that an accident occurred or the fact that the plaintiff may have received personal injuries, either or both, taken alone without other evidence, facts, and circumstances, it (is) no evidence of negligence. When accidents happen as incidents to reasonable use and care, the law affords no redress. If the injuries of the plaintiff were not caused by negligence of the defendants, the plaintiff would not be entitled to recover therefor."

The first sentence of instruction No. 5 is an informative statement to the jury advising it of the fact that merely because an accident has happened or the plaintiff may have received personal injuries, or both, is not in and of itself evidence of negligence which, by its in-

struction No. 7, the trial court had properly placed on appellee to prove in order to recover. This is a correct statement of the law and one that should usually be given juries when recovery is sought in automobile accident cases.

The second sentence has particular application here because of appellant Gieber's testimony as to how the accident happened. This sentence relates to and is in line with that part of instruction No. 10 wherein the jury was advised that: "But if you find that the defendants were not negligent, or that the sole proximate cause of the plaintiff's injuries was the negligence of LeRoy S. Miller, then your verdict will be for the defendants."

We come then to the last sentence of instruction No. 5. This sentence relates to and is in line with that part of the trial court's instruction No. 7 wherein it properly placed the burden on appellee to prove, by a preponderance of the evidence, appellants' negligence. It reads, in this respect, as follows: "If the evidence upon any one or more of the above three propositions (one of which relates to negligence) is evenly balanced or preponderates in favor of the defendants, then in your verdict you will find for the defendants." Appellee was also fully protected in this respect by instruction No. 12 given by the court. It provides as follows: "* * * it (appellant Lincoln City Lines, Inc.) is liable for the slightest negligence proximately causing injury to the passenger."

We do not think instruction No. 5 submitted the issue of "unavoidable accident." We do think, along with all the instructions, it fairly and fully submitted the issues presented by the pleadings to the jury which find support in the evidence. By its instruction No. 4 the trial court so advised the jury. This instruction is as follows: "You are instructed that it is your duty to consider these instructions as a whole."

As stated in Peake v. Omaha Cold Storage Co., 158 Neb. 676, 64 N. W. 2d 470: "Instructions are to be con-

sidered together, to the end that they may be properly understood, and, if as a whole they fairly state the law applicable to the evidence when so construed, error cannot be predicated on the giving thereof."

And as stated in Brown v. Chicago, B. & Q. Ry. Co., 88 Neb. 604, 130 N. W. 265: "Instructions should be read and construed together, and, if as a whole they state the law correctly, they will be held sufficient, although one or more of them, considered separately, may be subject to just criticism." See, also, Boesen v. Omaha Street Ry. Co., 83 Neb. 378, 119 N. W. 771.

We do not think instruction No. 5 given by the court is erroneous in any respect and consequently could not be prejudicial. It, with the other instructions, fairly presented to the jury the issues pleaded which find support in the evidence.

In view of what we have herein said we find the trial court was in error in setting aside the jury's verdict, together with the judgment entered thereon, and in granting appellee a new trial. We therefore reverse its action doing so with directions that the verdict be reinstated and that proper judgment be entered thereon dismissing appellee's action. All costs are to be taxed to appellee.

REVERSED AND REMANDED WITH DIRECTIONS.