GENEVIEVE BERG, APPELLEE, v. J. M. GRIFFITHS, APPELLANT.

FILED FEBRUARY 21, 1934. No. 28756.

*Chambers & Holland, Joseph C. Reavis* and *C. Russell Mattson,* for appellant.

*John C. Mullen, contra.*

Heard before GOOD, EBERLY and DAY, JJ., and BLACK-LEDGE and RYAN, District Judges.

RYAN, District Judge.

Plaintiff brought this action to recover damages alleged to have been sustained by her because of the defendant's negligence in the operation of his automobile. A jury was impaneled and sworn to try the case and returned a verdict in favor of the plaintiff. A motion for a new trial was filed in due time, and about a month later a supplemental motion for a new trial was filed, in which the additional assignment of error was made that one Rudolph Watzke, Jr., who served as a juror in the case, was not a competent and eligible juror to serve as required by law, in that he was under the age of 25 years at the time; and this fact was unknown to the defendant or his attorneys until after the verdict was rendered; that the attorneys for the defendant relied upon the qualifying questions as to the competency of the juror which were put by the court at the commencement of the trial and that said attorneys were deceived and misled by the failure of Rudolph Watzke, Jr., to advise the court upon said questioning that he was under the age of 25 years. It is undisputed that the juror in question was but 22 years of age at the time of the trial. This appears from the affidavits filed and from a certified copy of his birth certificate. It also appears from the affidavits of defendant's counsel and from another juror and the affidavit of the court reporter that, when the jury were impaneled and counsel on both sides were present, the court directed a series of qualifying questions to the jurors; that the juror Rudolph Watzke, Jr. was seated with the rest of the jurors; that among the questions asked by the court was this: "Are any of the members of this panel under the age of 25 years?"; that none of the jurors responded to the inquiry, either by word or sign; that the court then said: "I take it, then, that you are all over the age of 25 years?"

and that none of the jurors made any response to this question.

The principal error relied upon for reversal by appellant is that the court erred in overruling defendant's motion for a new trial because of the incompetent and ineligible juror. Section 3, art. I of the Bill of Rights, Constitution of Nebraska, provides: "No person shall be deprived of life, liberty, or property, without due process of law." And section 6, art. I thereof, provides: "The right of trial by jury shall remain inviolate." There are three sections of the statute defining who are competent to serve as jurors in the district court. They are all uniform as to the minimum age limit being 25 years. Richardson county, in which this case was brought, is a county of less than 30,000 population, and section 20-1601, Comp. St. 1929, is the section which applies. This provides: "All males residing in any of the counties of this state, having the qualifications of electors, over the age of twenty-five years, and of sound mind and discretion * * * are and shall be competent persons to serve on all grand and petit juries, within their counties respectively." Section 20-1623, Comp. St. 1929, provides: "It shall be the duty of the court to discharge from the panel, all jurors who do not possess the qualifications provided in this article as soon as the fact is discovered." The above seems to set forth the statutory law applicable to this case.

No case in this state or elsewhere has been cited to the court that is exactly in point. In none of the cases cited to us does there appear to have been an examination made by the court for the express purpose of determining the competency of the jurors making up the panel. The rule is well settled that, where the attorneys fail to interrogate the juror in his examination on his *voir dire,* the objection has been waived. *Hickey v. State,* 12 Neb. 490; *Wilcox v. Saunders,* 4 Neb. 569; *Rockwell v. Elderkin,* 19 Wis. 388; *Eastman v. Wight,* 4 Ohio St. 156. In all these cases the objection seems to go to the residence of the juror and is a matter which could have been discovered by counsel in

the *voir dire* examination, if reasonable diligence had been exercised.

The latest analogous case in this state is that of *Marino v. State,* 111 Neb. 623. In this case it was urged, that Herbert M. Jackson, one of the jurors who sat in the case, was not a qualified and competent juror under the Constitution and laws of the state; that, at the time of the trial and for a long time prior thereto, the said Jackson was not a resident or elector of Douglas county; that this fact was not known by the defendant or his counsel until after the rendition of the verdict. True, this was a criminal case and a prosecution for murder in the first degree, but this court has held that the rule is the same in criminal as in civil cases. *Hickey v. State, supra.* The record in the case of *Marino v. State, supra,* discloses that the juror Jackson had been a resident of Douglas county, Nebraska, for some years; that more than six months prior to the trial of the case he had removed with his family to Aurora, Hamilton county, Nebraska, where he was engaged in business; that he voted in the city election in Aurora; that he was drawn for jury service in Douglas county and a subpœna was sent to his former address in Omaha by registered mail; the letter was forwarded to him at Aurora, Nebraska; that he responded to the notice and appeared and served upon the jury in the case. There is some dispute as to whether or not the general question was asked of the jurors, as a whole, whether they were residents and electors of Douglas county; if not, to so signify. It was undisputed, however, that the county attorney elicited from the juror on his *voir dire* examination that he was a resident of Omaha, Douglas county, Nebraska, and that he had lived at No. 8409 Thirty-first street. The court concluded from all the evidence introduced in support of the motion for a new trial that the juror was not a resident of Douglas county at the time he served on the jury. This court in that opinion said:

"The next question presented is whether the defendant waived the disqualification of the juror by failing to inter-

rogate him upon his *voir dire* as to his qualifications. Considering all of the circumstances presented in the record, we think he did not. It is shown by the affidavits of the defendant and his attorneys that they had no knowledge of the disqualifications of the juror until after the verdict was rendered. When the juror answered that he lived in Douglas county, in response to the inquiry of the county attorney, we think the defendant's counsel might well have relied upon his statement, but the testimony indicates that they went further and inquired as to his qualifications as an elector. We think that due diligence was exercised by the defendant in ascertaining the qualifications of the juror, and that the court, as well as counsel for the state and the defendant, were misled and deceived."

In this case, after the court had asked the qualifying questions as to the age of the jurors and the juror Watzke failed to disclose his incompetency to act on account of his age, no duty rested upon counsel to repeat the inquiry and they cannot be held to have waived that objection.

Justice Maxwell in *Hickey v. State, supra,* quoting from *Eastman v. Wight,* 4 Ohio St. 156, says: "It is certainly clear that all jurors must have the qualifications of electors; and if one not having such qualifications is retained upon the panel without the knowledge of the party or his counsel, and after reasonable diligence used to ascertain that fact, when the jury is impaneled, a new trial should for that cause be granted. But it is equally clear that the proper time to take the objection is at the inpaneling of the jury; and it must be taken to have been waived, unless the party is able to show to the court, upon the hearing of the motion, that with the exercise of diligence he could not have taken the exception at the proper time."

In the trial of this case counsel had a right to rely upon the answers given by the jurors in response to the questions put by the trial court and the inferences to be drawn from their failure to respond. It is clear from the record that the learned trial court relied upon their failure to respond to his first question and assumed that they were

all over the required age, when he stated: "I take it, then, that you are all over the age of 25 years."

Complaint is also made that the verdict of the jury is excessive, but as the case must be retried, it is unnecessary to express an opinion upon that question.

For the reasons above stated, the judgment is reversed and the cause remanded for a new trial.

REVERSED.