EARL R. McKINNEY, APPELLANT, v. COUNTY OF CASS, NEBRASKA, ET AL., APPELLEES.

144 N. W. 2d 416

Filed July 29, 1966.    No. 36230.

686

Leonard Dunker and Kier, Cobb & Luedtke, for appellant.

James F. Begley, Cassem, Tierney, Adams & Henatsch, and John B. Henley, for appellee County of Cass.

Baylor, Evnen, Baylor & Urbom and Robert T. Grimit, for appellee Howard.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and COLWELL, District Judge.

COLWELL, District Judge.

This is an auto accident case that occurred on Sunday, September 16, 1962, about 3:55 p.m., at an intersection of two rural graveled roads in Cass County, Nebraska, about 1 mile east of Greenwood, Nebraska. For convenience appellant Earl R. McKinney will be referred to as plain-

tiff, appellee County of Cass, Nebraska, as defendant Cass County, and appellee Wayne Howard as defendant Howard.

The plaintiff, aged 21 years, was riding as a passenger in the left rear seat of a 1957 green Chevrolet automobile owned and operated by Riley Mardin, aged 19 years. The Mardin vehicle was being driven in a northerly direction on a north-south county graveled road. Besides the plaintiff and Mardin there were four other male companions in the Mardin vehicle. Defendant Howard was alone driving his 1962 blue Ford automobile easterly on an east-west county graveled road. Both county roads were maintained by Cass County, Nebraska; and the east-west road was an arterial road. The stop signs at the accident intersection in question had been removed about 1 week prior to the date of the accident by employees of defendant Cass County, and no temporary stop signs or warning signs had been substituted. Defendant Howard was a rural mail carrier with 16 years experience on a route in that area; his mail route did not cross the accident intersection. Defendant Howard was familiar with the roads, the accident intersection, and also with the fact that some stop signs in the area had been removed for repainting and repair. None of the occupants of the Mardin automobile were familiar with the intersection.

The impact between the Howard automobile and the Mardin automobile occurred at about the center of the intersection. Mardin testified that just prior to entering the intersection the speed of his vehicle was about 45 miles per hour, and that he decreased the speed of his automobile to about 35 miles per hour as he entered the intersection; he looked to the east and to the west two or more times, beginning when he was about 100 feet south of the intersection; and he didn't see the Howard vehicle until just at time of impact, "Just directly before the impact I just looked out the window and I saw a big blue fender." None of the other occupants of

the Mardin automobile ever saw the Howard automobile prior to the impact. Defendant Howard testified that when he was about 120 feet west of the intersection he saw "a tunnel of dust" on the road to his right, and that through the weeds along the roadway he saw "a green flash" at the end of the dust tunnel. At that time his speed was about 50 miles per hour; and he applied his brakes and reduced his speed to about 10 miles per hour at the time of the impact at the center of the intersection. The front of the Howard vehicle struck the middle and left rear side of the Mardin vehicle. Plaintiff received severe personal injuries as a result of the accident.

Plaintiff's amended petition alleges that defendant Cass County was negligent in causing the insufficiency and want of repair of the county roads, and that defendant Howard was negligent in that: "A. He failed to maintain proper observation. B. He drove said vehicle at an excessive rate of speed for the then existing conditions. C. He failed to decrease the speed of his automobile as he approached an intersection and a place where special hazards existed * * *. D. That although he knew or should have known that the stop signs had been removed on the north-south intersecting county road, he proceeded in utter disregard of that knowledge thus required and did run into and against the vehicle in which the plaintiff was riding where by the exercise of reasonable care he could have avoided the same." Defendant Cass County answered by a general denial and alleged contributory negligence on the part of plaintiff. Defendant Howard answered admitting the alleged negligence of defendant Cass County, denied any negligence on the part of the defendant Howard, and alleged contributory negligence of plaintiff. The cause was tried to a jury. At the conclusion of plaintiff's case a motion was made by defendant Cass County for a dismissal as to that defendant, which was sustained. The jury returned a verdict for defendant Howard, from which plaintiff appeals to this court.

Plaintiff claims error by the trial court in the dismissal of defendant Cass County at the close of plaintiff's evidence. Plaintiff's amended petition alleges that defendant Cass County was responsible for the insufficiency and want of repair of the roads at the accident intersection in the following particulars: "A. That * * * County of Cass, Nebraska, did create a dangerous trap at the intersection of said county roads by removing the traffic controls * * *. B. * * * County of Cass, Nebraska, by and through its employees * * * did remove the stop signs and traffic controls from said intersection. C. * * * County of Cass, Nebraska, failed to place any temporary barriers or warning signs on either county road described to advise or warn motorists of the removal of the traffic control signs. D. * * * County of Cass, Nebraska, failed to use reasonable care in the removal of said signs for prevention of creating a traffic hazard." The basis for liability on the part of defendant Cass County is found in section 39-834, R. R. S. 1943, which provides in part: "If special damage happens to any person, his team, carriage or other property by means of insufficiency or want of repair of a highway or bridge, which the county or counties are liable to keep in repair, the person sustaining the damage may recover in an action against the county, * * *." In Olson v. County of Wayne, 157 Neb. 213, 59 N. W. 2d 400, we held: "There was not at common law a right of action against a county for the recovery of damages resulting from a defective highway or bridge. The source and extent of liability of a county in this state for damages of this character are statutory. * * * A county is obligated to use reasonable and ordinary care in the construction, maintenance, and repair of its highways and bridges so that they will be reasonably safe for the traveler using them while he is in the exercise of reasonable and ordinary caution and prudence. The duty of the county will not be extended by construction beyond the words and fair implication of the statutory liability. A county is not an insurer

of the safety of a person who uses its roads and bridges or the safety of the highways and bridges maintained by it for the use of the public. * * * the burden is upon the plaintiff to establish negligence of the county and that its negligent act or omission was the proximate cause of the injury to the plaintiff or that it was a cause that proximately contributed to it." See, also, Dickenson v. County of Cheyenne, 146 Neb. 36, 18 N. W. 2d 559; Wittwer v. County of Richardson, 153 Neb. 200, 43 N. W. 2d 505; Brooks v. Thayer County, 126 Neb. 610, 254 N. W. 413.

The record shows that the traveled surface of both intersecting county roads was free of any defects. Plaintiff failed to sustain the burden of proof required of him, and the trial court properly dismissed defendant Cass County as a party defendant at the conclusion of plaintiff's case.

Plaintiff states that since defendant Cass County was dismissed as a party defendant at the close of plaintiff's evidence it was confusing and misleading to the jury; and that it was error to give instruction No. 3 in part as follows: "The Court has ruled as a matter of law that no verdict may be brought in by you as against the County of Cass, Nebraska, and such County is no longer a party defendant in this case. However, if you find that the County of Cass, Nebraska, was negligent in one or more of the particulars charged against it, and if you find that the defendant was negligent in one or more of the particulars charged against him, all by a preponderance of the evidence, and that the combined or concurring negligence of these two was a proximate cause of the accident, and of plaintiff's injuries, then your verdict should be for the plaintiff."

The record reflects that one of the instructions requested by the plaintiff, which was refused, provides: "You are instructed that the laws of Nebraska provide that where separate independent acts of negligence by different persons combine to produce a single injury,

each one is separately liable for the injury even though one of them alone might not have produced the injury."

The trial court properly submitted the issue of concurrent negligence. There was no prejudice to the plaintiff. Barry v. Moore, 172 Neb. 57, 108 N. W. 2d 401; Wright v. Lincoln City Lines, Inc., 160 Neb. 714, 71 N. W. 2d 182.

On September 30, 1964, all parties, by their respective attorneys, stipulated in writing that a jury trial of the issues would be waived. Trial was set for January 18, 1965. The trial judge died December 4, 1964. On January 11, 1965, defendant Howard by motion, supported by affidavit, asked leave to withdraw his waiver of jury trial. Plaintiff filed an affidavit in opposition to the motion stating, in part, that the purpose of the motion was to delay the trial of the issues, and that the parties and the witnesses to be called would be inconvenienced because it was untimely filed. Plaintiff made no claims of prejudice to him. On January 15, 1965, the court sustained the motion of defendant Howard and ordered the cause tried to a jury at the term beginning April 12, 1965.

Article I, section 6, of the Constitution of the State of Nebraska, provides: "The right of trial by jury shall remain inviolate * * *." Section 25-1126, R. R. S. 1943, provides: "The trial by jury may be waived by the parties in actions arising on contract, and with assent of the court in other actions * * * (2) by written consent, in person or by attorney, filed with the clerk; * * *." In a civil action the right of trial by jury is a personal privilege which may be waived. Berg v. Griffiths, 126 Neb. 235, 252 N. W. 918. Agreements of parties in regard to the trial of a suit are not absolute, even though in writing, and they are not to be treated as contracts to be enforced in all circumstances. They may be set aside by the court in the exercise of a sound discretion in the promotion of justice. See, In re Estate of Statz, 144 Neb. 154, 12 N. W. 2d 829; Rose v. Kahler, 151 Neb. 532, 38 N. W. 2d 391.

This question has not been presented to this court before. We hold the rule to be that it is within the sound discretion of the trial court to permit a party in a civil case to withdraw his waiver of a right to jury trial, if the application to do so is timely made and the waiver has not been acted upon to the prejudice of any party.

Plaintiff alleges in his amended petition that one of the negligent acts of defendant Howard was that he failed to decrease the speed of his automobile as he approached an intersection and a place where special hazards existed, contrary to section 39-7,108, R. R. S. 1943. The court refused to include this allegation in its instruction No. 1 as a specific allegation of defendant Howard's negligence. Our court has uniformly held that it is mandatory for the trial court to correctly instruct the jury as to all issues in the case which are presented by the pleadings and supported by the evidence. See Carlson v. Chambers, 173 Neb. 166, 112 N. W. 2d 729. "It is reversible error for the court to include, in its instructions to the jury, allegations of fact found in the pleadings but which have not been supported by any evidence." Fuss v. Williamson, 159 Neb. 525, 68 N. W. 2d 139. See, also, Colton v. Benes, 176 Neb. 483, 126 N. W. 2d 652. There was no evidence adduced to the effect that defendant Howard did not decrease the speed of his automobile. The only direct testimony as to this allegation was the testimony of the defendant Howard that he did decrease the speed of his automobile; that he was traveling about 50 miles per hour when he was about two-tenths of a mile west of the intersection; and that he then applied his brakes and decreased his speed to about 10 miles per hour at the time of the impact. Plaintiff offered the testimony of Safety Patrolman Raymond Syslo, who investigated the accident, to the effect that the defendant Howard said that his speed was 50 miles per hour. This speed is not related to any particular place or time. We conclude that there was no evidence presented by the plaintiff in support of his allegation of

negligence, and that the trial court properly refused to submit to the jury the failure of defendant Howard to decrease the speed of his automobile as he approached the intersection.

Plaintiff complains that the court failed to submit to the jury his fourth specification of negligence: "That although he knew or should have known that the stop signs had been removed on the north-south intersecting county road, he proceeded in utter disregard of the knowledge thus required and did run into and against the vehicle in which the plaintiff was riding where by the exercise of reasonable care he could have avoided the same." This specification of negligence was a general allegation of negligence and the trial court properly refused to submit it to the jury. Ripp v. Riesland, 176 Neb. 233, 125 N. W. 2d 699.

In instruction No. 1 the court submitted for the jury's consideration as an alleged specific act of negligence of defendant Howard: "That he failed to yield the right-of-way." Plaintiff claims that this was error and prejudicial to him for the reason that he did not plead this as an act of negligence on the part of that defendant. It was error for the trial court to submit this item of negligence for the consideration of the jury; however, a review of the record shows that the submitted item of negligence was in harmony with plaintiff's other allegations of negligence, his theory of recovery, and the evidence adduced by plaintiff at the trial of the issues. The result was that plaintiff had the benefit of the submission to the jury of an item of negligence that he was not entitled to have submitted.

"Where an instruction, although erroneous, is not prejudicially so and cannot by any course of logical reasoning be deemed to have resulted in disadvantage to the complaining party, it is not legal cause or reason for granting a new trial." In re Estate of Kinsey, 152 Neb. 95, 40 N. W. 2d 526. See, also, Wright v. Lincoln City Lines, Inc., 163 Neb. 679, 81 N. W. 2d 170; Kline v. Met-

calfe Constr. Co., 148 Neb. 357, 27 N. W. 2d 383. The giving of the instruction was not prejudicial to the plaintiff.

Error is urged by the plaintiff that instructions Nos. 4 and 7, as given by the court, placed too great a burden of proof upon the plaintiff. Instruction No. 4 was: "If you find that the plaintiff has proved by a preponderance of the evidence that the defendant, Wayne Howard, knew that the stop sign in question was not in place at the time of the accident then you are referred to Instructions Nos. 5 and 6 which cover the rules of the road at an open intersection." Instruction No. 7 was: "If you find that the plaintiff has failed to prove by a preponderance of the evidence that the defendant, Wayne Howard, knew that the stop sign in question was not in place at the time of the accident, then the highway on which the defendant, Wayne Howard, was traveling was as to him a favored highway and you should apply the rules of the road set out in Instructions Nos. 8 and 9."

The instructions as given were proper guides for the jury to determine whether the accident intersection was either an open intersection or one involving a favored road. Plaintiff does not object to the purpose of the instruction. He complains that the jury should not have been limited to a finding of what defendant Howard "knew," but the instruction should have permitted the jury to make a finding of what defendant Howard "should have known."

Restatement, Torts, § 839, p. 306, on the subject of "should know," provides: " 'Should know' indicates that the possessor is under a duty to the other to use reasonable diligence to ascertain the existence or nonexistence of the facts in question, and that he would ascertain the existence thereof in the proper performance of that duty."

The record shows that defendant Howard did know that the east-west road was a favored road. He had knowledge that Cass County was in the process of re-

pairing and repainting some of its stop signs throughout the county, and that the stop signs at three intersections within 5 miles of the accident intersection had been removed for that purpose shortly before the accident. Defendant Howard testified that he did not know that the stop sign at the accident intersection had been removed. Immediately following the accident witnesses at the scene testified that defendant Howard stated in substance: "That he knew the county had taken the stop signs down to have them painted." There was conflict in the evidence as to defendant Howard's knowledge of the removal of the stop sign. It was a question for the jury and it was properly submitted by the court under the instructions given. Defendant Howard had no duty, under the record, to inform himself of the condition and location of the stop sign.

"Instructions must be considered and construed together, and if they are not sufficiently specific in some respects, it is the duty of counsel to offer requests for instructions that will supply the omission, and, unless this is done, the judgment will not ordinarily be reversed for such defects." Plumb v. Burnham, 151 Neb. 129, 36 N. W. 2d 612.

Plaintiff complains that the issue of unavoidable accident was not pleaded and that the court erred in submitting that issue to the jury by giving instruction No. 15 as follows: "The fact that an accident occurred, or the fact that the plaintiff sustained damages, if such you find, either or both, taken alone without other evidence, facts and circumstances, is no evidence of negligence. When accidents happen as incidents to reasonable use and reasonable care the law affords no redress." In Wright v. Lincoln City Lines, Inc., 163 Neb. 679, 81 N. W. 2d 170, we held that an instruction having similar language did not submit the issue of unavoidable accident when considered along with all of the other instructions. See, also, Harding v. Hoffman, 158 Neb. 86, 62 N. W. 2d 333. Although the giving of instruction

No. 15 was unnecessary, there was no prejudicial error since the jury was properly instructed upon the burden of proving the negligence charged as a proximate cause of the injury.

Plaintiff complains that instruction No. 8 was incomplete because it did not give the duty of all persons to use care in approaching an intersection. Instruction No. 8 was: "A motorist traveling on a favored highway may properly assume that on-coming traffic will yield the right-of-way to him." There is no merit to plaintiff's claim of error. "Instructions should be read and construed together, and, if as a whole they state the law correctly, they will be held sufficient, although one or more of them, considered separately, may be subject to just criticism." Wright v. Lincoln City Lines, Inc., 163 Neb. 679, 81 N. W. 2d 170.

"Where a party has sustained the burden and expense of a trial and has succeeded in securing the judgment of a jury on the facts in issue, he has a right to keep the benefit of that verdict unless there is prejudicial error in the proceedings by which it was secured." Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772. See, also, Wright v. Lincoln City Lines, Inc., 163 Neb. 679, 81 N. W. 2d 170.

This case was submitted to a jury with instructions that were not prejudicial to the plaintiff. The judgment entered by the district court upon the jury verdict should be affirmed.

AFFIRMED.