GARY M. HOOVER, APPELLANT, V. BURLINGTON NORTHERN RAILROAD COMPANY, A CORPORATION, APPELLEE.

559 N.W.2d 729

Filed February 7, 1997.   No. S-94-825.

C. Marshall Friedman, Kenneth E. Rudd, and John J. Higgins for appellant.

Jeanelle R. Robson and Terry C. Dougherty, of Knudsen, Berkheimer, Richardson & Endacott, for appellee.

WHITE, C.J., CAPORALE, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ., and REAGAN, D.J.

GERRARD, J.

Gary M. Hoover suffered injuries as the result of a fall suffered in the course of his work for Burlington Northern Railroad Company. Hoover claimed damages under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 et seq. (1994), alleging that Burlington was negligent in not providing proper training and in not providing a reasonably safe workplace. Hoover appeals from the district court judgment after a jury verdict finding that Burlington was not negligent. Finding no reversible error by the trial court, we affirm.

## FACTUAL BACKGROUND

Hoover worked for Burlington off and on for approximately 11 years prior to his injuries, most recently as a journeyman carman. On November 7, 1988, Hoover injured his back and ribs when he fell from a bulkhead flatcar while attempting to move a large metal patch on the center sill of the flatcar.

Hoover's responsibility as a carman was to attach large steel reinforcing patches to the bulkheads of the flatcars. These patches were put into place by welding a ring onto each patch so that it could be lifted into place by an overhead crane. The practice in the shop was to weld rings onto all four patches that would go on one end of the car before calling for the crane to lift them into place. Once a ring was welded to the top patch in the stack, the carman moved that patch out of the way so that a ring could be attached to the patch underneath.

The forklift operators who placed the patches on the car were instructed to place them so that the carmen could perform their

work while standing on a 3-foot-wide surface of the top cover plate rather than on the 12- to 18-inch-wide surface of the center sill. Hoover was trained in these procedures by a fellow carman that had worked in this area for approximately 5 or 6 months. Hoover was assigned to this workstation on a permanent basis 2 to 3 weeks prior to his injuries.

A "three-man inspection report" performed by Burlington employees on the night of the incident indicated that the patches had not been properly placed on the car. Consequently, Hoover was required to go out on the center sill to reach the patches.

The flatcars had been stripped of the wooden decking prior to their arrival at Hoover's workstation; this decking was replaced once repairs to the cars were completed. In addition, the cars were sandblasted prior to arriving at the workstation, a process which left loose material on the center sill. Hoover was aware of loose material on the center sill, but he did not attempt to sweep the sill with a broom that was available at the workstation. While he was attempting to pull the patch backward along the center sill, Hoover slipped and fell through one of the openings left by the removal of the decking. There had been some discussion at safety meetings about the possibility of providing plywood to stand on in the absence of decking. Hoover testified that he had not seen any plywood around his workstation. However, Hoover's supervisor testified that there was plywood available nearby upon request of any worker.

Hoover brought suit under FELA, alleging that Burlington had been negligent in not providing proper training and in not providing a reasonably safe workplace. Burlington denied that it had been negligent and alleged that Hoover had been contributorily negligent. The jury was instructed on both the standards for negligence under FELA and the standards for contributory negligence. The jury returned a special verdict, finding that Burlington had not been negligent. Additional facts will be set forth as necessary in the analysis section below.

## ASSIGNMENTS OF ERROR

Hoover alleges that the trial court erred in (1) excluding a portion of the inspection report as a subsequent remedial measure; (2) submitting the question of Hoover's contributory neg-

ligence to the jury and instructing it accordingly; (3) instructing the jury that "[t]he mere happening of an accident causing injury does not make the defendant liable nor does it raise any presumption of negligence on the part of the defendant. Accidents frequently occur through no one's fault"; and (4) refusing to direct a verdict in favor of Hoover on the issue of Burlington's liability or, alternatively, granting a new trial.

## STANDARD OF REVIEW

To constitute reversible error in a civil case, the admission or exclusion of evidence must unfairly prejudice a substantial right of a litigant complaining about evidence admitted or excluded. *McIntosh v. Omaha Public Schools*, 249 Neb. 529, 544 N.W.2d 502 (1996).

A trial court should direct a verdict as a matter of law only when the facts are conceded, undisputed, or such that reasonable minds can draw but one conclusion therefrom. *Reavis v. Slominski*, 250 Neb. 711, 551 N.W.2d 528 (1996); *McWhirt v. Heavey*, 250 Neb. 536, 550 N.W.2d 327 (1996).

## ANALYSIS

### SUBSEQUENT REMEDIAL MEASURES

Hoover first asserts that the trial court erred in excluding part of the inspection report as a subsequent remedial measure under Neb. Evid. R. 407, Neb. Rev. Stat. § 27-407 (Reissue 1995). Rule 407 provides in relevant part: "When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event."

The inspection report was conducted the night of the injury and was for the purpose of ascertaining the causes of injuries on the line. The inspection report read in its entirety:

Material on car was not being placed properly from the store house should be one pallet at each end of car sitting at center edge of top cover plate with I beams placed at center of car. Will notify store house on nights, and I will inform J.C. Johnson to inform store house on days. Also will use 3/4" x 4' x 8' sheets of plywood on striped [sic] Deck car as to walk on. (2 sheets per car)

The first portion of this report was submitted to the jury; thus, the jury was informed that "[m]aterial on car was not being placed properly from the store house." The remainder of the report was excluded from evidence as subsequent remedial measures under rule 407.

The last part of the report, which reads, "Will notify store house on nights, and I will inform J.C. Johnson to inform store house on days. Also will use 3/4" x 4' x 8' sheets of plywood on striped [sic] Deck car as to walk on. (2 sheets per car)," was clearly a description of remedial measures that would be taken and, as such, was properly excluded. However, Hoover contends that the middle portion of the report, which reads, "[S]hould be one pallet at each end of car sitting at center edge of top cover plate with I beams placed at center of car," should have been received in evidence. Hoover asserts that this portion of the report was not a subsequent remedial measure within the meaning of rule 407, but, rather, a description of the proper placement of the patches, which is evidence of Burlington's negligence.

However, we need not decide whether the controverted portion of the report was admissible under rule 407 because counsel for Hoover waived their objection to the exclusion of the remainder of the report. The second time the exhibit was offered at trial, the following colloquy occurred between Hoover's counsel and the trial court:

> THE COURT: No, up here, up here, "house." "Material in the car was not being placed properly from the store-house," period. It doesn't show a period, but starting with the word "should," aren't we starting to talk about remedial matters, what should be done?
>
> [PLAINTIFF'S COUNSEL]: Yes, I agree with that.
>
> . . . .
>
> THE COURT: So you would agree that if there's a — if everything — If this is redacted somehow to omit everything after the word "house," then you would have — you would offer it with those things, the rest of the remarks omitted?
>
> [PLAINTIFF'S COUNSEL]: Absolutely, Your Honor.

The following morning, counsel for Hoover offered a redacted version of the exhibit, in which only the first line remained.

This redacted exhibit was received into evidence and read to the jury.

A party may, by his acts or omissions, waive, or be estopped to make, objections to the admission or exclusion of evidence. Such waiver or estoppel may arise from failure to object, from acts done or omitted before the evidence is offered, as by failure to object to previous similar evidence, or from some affirmative act done after the ruling on the evidence. *In re Estate of Hill*, 214 Neb. 702, 335 N.W.2d 750 (1983). Further, a party cannot complain of error which he has invited the court to commit. *Norwest Bank Neb. v. Bowers*, 246 Neb. 83, 516 N.W.2d 623 (1994).

Engaging in the above-quoted colloquy, agreeing with the court that the controverted portion of the report was a discussion of remedial measures, and subsequently redacting the portion at issue and offering the redacted report were affirmative acts on the part of Hoover's counsel that followed the ruling excluding the evidence. These acts affirmatively waived any argument that Hoover presents regarding the admissibility of the questioned portion of the inspection report. This assignment of error is without merit.

## CONTRIBUTORY NEGLIGENCE

Hoover next asserts that the instruction to the jury regarding contributory negligence was not supported by the evidence and ought not to have been given.

Under FELA, the burden of proving contributory negligence is on the defendant. *Martinez v. Union Pacific R. Co.*, 82 F.3d 223 (8th Cir. 1996); *Hose v. Chicago Northwestern Transp. Co.*, 70 F.3d 968 (8th Cir. 1995). Title 45 U.S.C. § 53 of FELA makes it clear that contributory negligence is not a bar to recovery in a suit brought under that act, but only proportionately diminishes proven damages. The defendant is entitled to a jury instruction on contributory negligence if there is any evidence to support that theory. *Martinez v. Union Pacific R. Co., supra*; *Hose v. Chicago Northwestern Transp. Co., supra.*

However, the special verdict form utilized in the instant case required the jury to first decide if Burlington's negligence proximately caused Hoover's injuries and, if so, then and only then

required the jury to determine if Hoover was contributorily negligent in any manner so as to reduce his recovery proportionately. The jury returned a verdict for Burlington on the negligence issue and thus never reached the issue of whether Hoover was contributorily negligent.

Jury instructions are subject to the harmless error rule, and an erroneous jury instruction requires reversal only if the error adversely affects the substantial rights of the complaining party. *Reavis v. Slominski*, 250 Neb. 711, 551 N.W.2d 528 (1996); *Stephens v. Radium Petroleum Co.*, 250 Neb. 560, 550 N.W.2d 39 (1996); *Bunnell v. Burlington Northern RR. Co.*, 247 Neb. 743, 530 N.W.2d 230 (1995).

This court has considered a situation identical to that in the instant case, wherein a special verdict form separated the issues of the defendant's negligence and the plaintiff's contributory negligence. In *Bunnell v. Burlington Northern RR. Co., supra*, we held that where a jury, using a special verdict form, finds no negligence on the part of the defendant and, accordingly, does not reach the question of the plaintiff's contributory negligence, any error in giving the instruction is harmless. In the present case, a special verdict form was used, the jury found that Burlington was not negligent, and, thus, the jury did not reach the question of Hoover's contributory negligence. Even if we assume, without deciding, that the contributory negligence instruction was erroneously given, the error was harmless in this case, since the jury never reached the issue of contributory negligence.

### Instruction No. 7—Accidents

Hoover next asserts that the trial court erred in giving a jury instruction which read: "The mere happening of an accident causing injury does not make the defendant liable nor does it raise any presumption of negligence on the part of the defendant. Accidents frequently occur through no one's fault." Hoover contends that this instruction has a one-sided focus on the defendant and permits undue speculation as to the plaintiff's fault. Further, Hoover argues that informing the jury that accidents *frequently* occur through no one's fault implies that accidents occur *infrequently* as a result of someone's fault and was, thus, unduly argumentative.

We have held that the giving of an instruction similar to the instruction given here is not reversible error where the jury was properly instructed on the burden of proving negligence. *McKinney v. County of Cass*, 180 Neb. 685, 144 N.W.2d 416 (1966); *Harding v. Hoffman*, 158 Neb. 86, 62 N.W.2d 333 (1954). The U.S. Court of Appeals for the Eighth Circuit has noted that such an instruction is "merely part of the trial court's explanation to the jury that there was no presumption of negligence against anyone by the mere occurrence of an accident . . . ." *Walther v. Omaha Public Power District*, 412 F.2d 1164, 1170 (8th Cir. 1969). Accordingly, that court has found that such an instruction is an expression of common sense and is not reversible error. See, *Meyers v. Union Pacific R. Co.*, 738 F.2d 328 (8th Cir. 1984); *Walther v. Omaha Public Power District, supra.*

We conclude, as we did in *McKinney v. County of Cass, supra,* that this instruction was unnecessary, and we disapprove of its use in future cases; however, any error in giving the instruction in the instant case was harmless. The jury was properly instructed on the burden of proving the negligence charged as a proximate cause of the injury, and there was substantial evidence from which the jury could have determined that Burlington had not been negligent. Thus, Hoover's substantial rights were not prejudiced, and this assigned error is without merit.

### FAILURE TO DIRECT VERDICT OR GRANT NEW TRIAL

Finally, Hoover claims that the trial court erred in not directing a verdict against Burlington on the issue of liability or, alternatively, in refusing to grant a new trial. Hoover contends that Burlington was negligent as a matter of law.

A trial court should direct a verdict as a matter of law only when the facts are conceded, undisputed, or such that reasonable minds can draw but one conclusion therefrom. *Reavis v. Slominski*, 250 Neb. 711, 551 N.W.2d 528 (1996); *McWhirt v. Heavey*, 250 Neb. 536, 550 N.W.2d 327 (1996). The party against whom the verdict is directed is entitled to have every controverted fact resolved in his or her favor and to have the

benefit of every inference which can reasonably be drawn from the evidence. If there is any evidence which will sustain a finding for the party against whom the motion is made, the case may not be decided as a matter of law. *Id.* In FELA cases, it has been noted that finding the railroad negligent as a matter of law "should be reserved for only the exceptional case." *Borough v. Duluth, Missabe & Iron Range Ry. Co.,* 762 F.2d 66, 68 n.1 (8th Cir. 1985).

This is not a case in which only one reasonable conclusion can be drawn from the evidence. While it would have been reasonable for the jury to find that Burlington had been negligent in not providing Hoover with proper training to do his job safely or in not providing a safe workplace, it was just as reasonable to conclude from the evidence presented that Burlington acted with due care in providing training and safe workplace conditions. When viewing the evidence in a manner resolving every controverted fact in favor of Burlington and giving Burlington the benefit of every inference which can reasonably be drawn from the evidence, the jury could reasonably have found that Burlington met its duty of care by (1) providing training to Hoover from a more experienced carman, (2) conducting safety meetings, (3) providing brooms that could be used to clear the workspace, and (4) providing access to plywood that could be properly placed for a walking space. The weight of the evidence and the resolution of conflicts in the evidence are matters for the jury to determine. This case was properly submitted to the jury.

A motion for new trial is addressed to the discretion of the trial court, whose decision will be upheld in the absence of an abuse of that discretion. *Farmers & Merchants Bank v. Grams,* 250 Neb. 191, 548 N.W.2d 764 (1996); *Hartley v. Guthmann,* 248 Neb. 131, 532 N.W.2d 331 (1995).

We have determined that it was proper for the jury to decide whether or not the weight of the evidence showed Burlington to have acted negligently. Based on the same rationale, we conclude that the trial court did not abuse its discretion in refusing to grant a new trial.

## CONCLUSION

For the foregoing reasons, we conclude that all of Hoover's assigned errors lack merit, and we affirm the judgment of the district court.

AFFIRMED.

FAHRNBRUCH, J., not participating.