JERRY PACHUNKA, APPELLANT, V.
ROGERS CONSTRUCTION, INC., APPELLEE.
716 N.W.2d 728

Filed July 7, 2006. No. S-04-1470.

Terry M. Anderson and Steven M. Lathrop, of Hauptman, O'Brien, Wolfe & Lathrop, P.C., for appellant.

J. Joseph McQuillan and Betty L. Egan, of Walentine, O'Toole, McQuillan & Gordon, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

Jerry Pachunka brought the present negligence action against Rogers Construction, Inc., for injuries suffered as a result of a fall while exiting a house built by Rogers Construction. A jury found in favor of Rogers Construction, and Pachunka timely appealed. We moved the case to our docket pursuant to our authority to regulate the caseloads of the Nebraska Court of Appeals and that of this court. See Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## BACKGROUND

In March 2001, Pachunka was employed by Rogers Realty Company as a sales agent. As part of his job duties, Pachunka was required to show model houses built by Rogers Construction to prospective buyers. The houses were in various stages of construction at the time they were shown by Pachunka. On March 23, Pachunka was inspecting a house that was under construction at the time to make sure it was ready for viewing by a potential buyer. The house was the only one available of that particular model.

Because of muddy conditions, a walkway made up of excess construction lumber was laid on the ground to provide access to the house. On that particular day, there was also a board angled from the walkway to the front stoop of the house, which stood approximately 16 inches off the ground, creating a ramp up to the stoop. Although there was another entrance through

the garage, Pachunka was not provided a key for that entrance. Consequently, in order to enter the house, Pachunka had to either use the ramp or walk through the mud and step up onto the stoop. At trial, Pachunka testified that a back condition prevented him from stepping up or down that far; therefore, it was necessary for him to use the ramp, which he used without incident while entering the property. However, while exiting the house on the ramp, Pachunka slipped and fell. Pachunka suffered injuries to his ankle as a result.

Pachunka filed suit against Rogers Construction and Rogers Development, Inc., for damages caused by their alleged negligence. The action was dismissed as to Rogers Development during trial and proceeded against Rogers Construction as the sole defendant. As part of its defense, Rogers Construction asserted the affirmative defense of assumption of risk. Before submission of the case to the jury, Pachunka made an oral motion to dismiss this defense. Pachunka's motion was denied. Pachunka also requested that the following jury instruction further describing assumption of risk be given to the jury: "A Plaintiff does not assume a risk of harm unless he voluntarily accepts the risk. A Plaintiff's acceptance of a risk is not voluntary if the Defendant's conduct has left Plaintiff no reasonable alternative course." This request was also denied. The court, instead, gave the following instruction on the burden of proof for assumption of risk:

> In connection with the defense of "assumption of risk" the burden is upon the Defendant to prove, by the greater weight of the evidence, each and all of the following:
> 1. That the Plaintiff knew of and understood the specific danger;
> 2. That the Plaintiff voluntarily exposed himself to danger; and
> 3. That the Plaintiff's injury occurred as a result of his exposure to that danger.
> 4. That the Plaintiff had some other reasonable course of egress.

Following objections by Pachunka to the submission of the defense of assumption of risk to the jury and the exclusion of his proposed jury instruction, the case was submitted to the jury. The jury was given the choice between three verdict forms.

Verdict form No. 1 stated that both the plaintiff and the defendant have met their burdens of proof and allocated the percentage of negligence between the parties. Verdict form No. 2 stated, "We . . . find that the Plaintiff has met his burden of proof and that the Defendant has not." Verdict form No. 3 stated, "We . . . find that the Plaintiff has not met [his] burden of proof and find in favor of the Defendant." The jury chose verdict form No. 3 and returned a verdict in favor of Rogers Construction.

After the jury returned its verdict, Pachunka filed a motion for new trial on the grounds, inter alia, that the court erred in submitting the defense of assumption of risk to the jury and in failing to submit Pachunka's proposed instruction on assumption of risk. The trial court denied Pachunka's motion. Pachunka now appeals.

## ASSIGNMENTS OF ERROR

Pachunka assigns as error the trial court's submission of the defense of assumption of risk to the jury and its failure to submit to the jury Pachunka's proposed jury instruction on assumption of risk.

## STANDARD OF REVIEW

■ Whether a jury instruction given by a trial court is correct is a question of law. When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Shipler v. General Motors Corp., ante* p. 194, 710 N.W.2d 807 (2006).

## ANALYSIS

### ASSUMPTION OF RISK DEFENSE

■ Pachunka claims that the trial court erred in submitting the defense of assumption of risk to the jury. Before the defense of assumption of risk is submissible to a jury, the evidence must show that the plaintiff (1) knew of the specific danger, (2) understood the danger, and (3) voluntarily exposed himself or herself to the danger that proximately caused the damage. *Pleiss v. Barnes*, 260 Neb. 770, 619 N.W.2d 825 (2000). See, also, Neb. Rev. Stat. § 25-21,185.12 (Reissue 1995). When a defendant pleads the affirmative defense of assumption of risk in

a negligence action, the defendant has the burden to establish the elements of assumption of the risk before that defense, as a question of fact, may be submitted to the jury. *Everts v. Hardcopf-Bickley*, 257 Neb. 151, 595 N.W.2d 911 (1999).

Pachunka asserts that Rogers Construction failed to establish that his use of the ramp was voluntary because he was given no reasonable alternative course to using the ramp. We agree.

Assumption of risk is predicated upon the plaintiff's voluntary exposure to the known danger caused by the defendant's negligence. If a plaintiff is deprived of a choice in the matter, the risk is not assumed, even though it may be encountered. *McDermott v. Platte Cty. Ag. Socy.*, 245 Neb. 698, 515 N.W.2d 121 (1994).

The evidence reflects that Pachunka was required to enter the house as part of his employment and that he was only able to do so through the front door. The evidence further reflects that in order to access the front door, Pachunka had to either use the wooden ramp or step up onto the stoop. However, because of a back problem, it was necessary for Pachunka to use the ramp.

Rogers Construction contends that although Pachunka entered the house through the front, he could have exited the house through the garage and thereby avoided his fall. We have stated that a plaintiff's assumption of risk is not voluntary if the defendant's tortious conduct has left him or her no reasonable alternative course of conduct in order to avert harm to himself or herself. See *Makovicka v. Lukes*, 182 Neb. 168, 153 N.W.2d 733 (1967). The evidence shows that Pachunka was given access to the property only through the front door and that in order to exit through the garage, it would have been necessary for Pachunka to slog through the mud to reach the wooden walkway. But, Rogers Construction testified that the walkway had been built specifically to avoid the mud. We cannot say that this is a reasonable alternative. We therefore conclude that Pachunka did not voluntarily assume the risk of using the ramp and that the court erred by submitting the issue to the jury.

Rogers Construction claims that any error resulting from the submission of the assumption of risk defense to the jury was harmless, since the jury did not reach the issue of assumption of risk. Rogers Construction relies on *Hoover v. Burlington Northern RR. Co.*, 251 Neb. 689, 559 N.W.2d 729 (1997). In

*Hoover*, we held that any error in giving contributory negligence instructions was harmless where a special verdict form separated the issue of the defendant's negligence and the plaintiff's contributory negligence and the jury returned a verdict in favor of the defendant on the issue of the defendant's negligence. We explained that because the jury never reached the issue of contributory negligence, any error related to the instruction on that defense was harmless.

In the instant case, the jury was presented with three verdict forms. The first was a contributory negligence form which allocated the percentage of negligence between the parties, the second found that the plaintiff had met his burden of proof and the defendant had not, and the third found that the plaintiff had not met his burden of proof and found in favor of the defendant.

By returning the third verdict form, it is clear that the jury never reached the issue of contributory negligence. However, the same cannot be said with regard to the issue of assumption of risk. Because the jury was not presented with a separate verdict form addressing the issue of assumption of risk, it is impossible for us to tell whether or not the jury reached that issue. The jury could have found, as suggested by Rogers Construction, that Pachunka did not meet his burden of proof. On the other hand, it is entirely possible that the jury found that Pachunka had met his burden of proof, but so had Rogers Construction with regard to its assumption of risk defense, and that having no other alternative, utilized the third verdict form to convey its findings.

Because we are unable to determine that the jury never reached the issue of assumption of risk, we cannot conclude that submitting the defense of assumption of risk was harmless. We therefore reverse and remand this matter for a new trial. See *Everts v. Hardcopf-Bickley*, 257 Neb. 151, 595 N.W.2d 911 (1999) (stating submission of issue which evidence is insufficient to sustain affirmative finding is generally prejudicial and results in new trial).

### ASSUMPTION OF RISK JURY INSTRUCTION

■ Having determined that the trial court erred in submitting the issue of assumption of risk to the jury, we likewise conclude that the court erred in instructing the jury on the issue. The jury may be instructed upon only those theories of the case

which are supported by competent evidence. See *Shipler v. General Motors Corp., ante* p. 194, 710 N.W.2d 807 (2006).

### CONCLUSION

We conclude that the trial court erred by submitting the defense of assumption of risk to the jury where the evidence did not establish that the risk was voluntarily assumed. We similarly conclude that the court erred by instructing the jury on the issue. We therefore reverse the judgment and remand the matter for a new trial consistent with this opinion.

REVERSED AND REMANDED FOR A NEW TRIAL.